```
                          UNITED STATES DISTRICT COURT
                          SOUTHERN DISTRICT OF FLORIDA

                          CASE NO. 08-21653-Civ-HIGHSMITH
                                  (06-20801-Cr-HIGHSMITH)
                          MAGISTRATE JUDGE P. A. WHITE
JEFFREY MARTIN LOPEZ,      :

      Movant,              :

v.                         :         REPORT OF
                                   MAGISTRATE JUDGE
UNITED STATES OF AMERICA   :

      Respondent.          :
_____
```

This matter is before this Court on the movant's timely filed motion to vacate pursuant to 28 U.S.C. §2255, attacking his sentence for importing 100 grams or more of heroin entered following a guilty plea in Case No. 06-20801-Cr-Highsmith.

The Court has reviewed the motion, as well as, all pertinent portions of the underlying criminal file. No order to show cause was issued in this case because the files and records of the underlying criminal case conclusively show that the movant is entitled to no relief.

The procedural history of the underlying criminal case reveals that the movant was charged with and pleaded guilty to one count of importation of 100 grams or more of heroin. (Cr-DE#s8,15). In exchange, the government agreed to dismiss all remaining counts after sentencing. The government further agreed to recommend up to a three level reduction in the movant's base offense level, based upon the movant's acceptance of responsibility. The movant further agreed to cooperate with the government. Finally, the movant also agreed to waive his right to a direct appeal pursuant to 18 U.S.C. §3742, including the right to appeal any sentence imposed, any restitution order, and the manner in which the sentence was determined, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the guideline range the court establishes at sentencing.

On July 16, 2007, the movant was sentenced to 46 months in prison, followed by three years of supervised release. (Cr-DE#19).

The judgment was entered by the Clerk on July 18, 2007. (Id.). No direct appeal was filed. (Cv-DE#1). The judgment became final at the latest on August 1, 2007, when time expired for filing a notice of appeal.[1] On June 4, 2008, less than one year after his conviction became final for purposes of the federal limitations period, the movant timely filed this motion to vacate.[2] (Cv-DE#1).

Turning to the merits of the sole claim raised in this collateral proceeding, the movant asserts that the government has failed to file a motion for reduction in sentence based on substantial assistance pursuant to Fed.R.Cr.P. 35. (Cv-DE#1:5).

Rule 35 of the Federal Rules of Criminal Procedure provides that a motion to reduce based on substantial assistance to the government may only be made by motion of the government. The government has a considerable amount of discretion regarding this decision, and the Eleventh Circuit has held that the government's determination of "substantial assistance" is encompassed within the zone of prosecutorial discretion and subject to review only upon a showing of a constitutionally impermissible motive or the breach of an express agreement to file a motion. United States v. Gonslaves, 121 F .3d 1416, 1419 (11 Cir.1997); United States v. Forney, 9 F.3d 1492, 1502 (11 Cir.1993)(citing Wade v. United States, 504 U.S. 181 (1992)).

In Wade, supra, the Supreme Court held that "federal district courts have authority to review a prosecutor's refusal to file a

---

[1] Where, as here, a defendant does not pursue a direct appeal, the conviction becomes final when the time for filing a direct appeal expires. Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999). The time for filing a direct appeal expires ten days after the judgment or order being appealed is entered. Fed.R.App.P. 4(b)(1)(A)(I). The judgment is "entered" when it is entered on the docket by the Clerk of Court. Fed.R.App.P. 4(b)(6). On December 1, 2002, Fed.R.App.P. 26 which contains the rules on computing and extending time, was amended so that intermediate weekends and holidays are excluded from the time computation for all pleadings due in less than 11 days.

[2] See: Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

2

substantial assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive[3]." Wade, 504 U.S. at 185-86. The Court emphasized that "a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or to an evidentiary hearing. Nor would additional but generalized allegations of improper motive." Id.

In this case, the movant has neither alleged nor shown that the government's failure to file the substantial assistance motion is based on a constitutionally impermissible motive, or that any alleged refusal by the prosecutor to move for a downward departure was not rationally related to any legitimate Government end. Under these circumstances, the movant is entitled to no relief on this claim.

It is therefore recommended that this motion to vacate sentence be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Signed this 25th day of June, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Jeffrey Martin Lopez, Pro Se
     Reg. No. 78236-004
     F.C.I.-Fort Dix
     P.O. Box 2000
     Fort Dix, NJ 08640

---

[3] A prosecutor's refusal to file a substantial-assistance motion would be unconstitutional if, for example, the refusal was based upon the defendant's race or religion. Id.

Adam S. Fels, AUSA
United States Attorney's Office
99 N.E. 4th Street
Miami, FL 33132